UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TVI, INC., <br> d/b/a Savers or Value Village, <br><br> Plaintiff, <br><br> vs. <br><br> INFOSOFT TECHNOLOGIES, INC. <br><br> Defendant. | Case No. 4:06cv00697JCH |

## MEMORANDUM AND ORDER

Theses matters are before the Court on Plaintiff TVI, Inc.'s ("TVI") Motion to Dismiss, filed June 05, 2006. (Doc. No. 16). Also pending is Defendant InfoSoft Technologies, Inc.'s ("InfoSoft") Motion for Preliminary Injunction, filed May 25, 2006. (Doc. No. 14). The matters are fully brief and ready for a decision.

## BACKGROUND

By way of background, TVI is a Washington corporation that operates thrift stores throughout the United States. (Compl., Doc. No. 1 ¶ 2). InfoSoft, a Missouri corporation, is a distributor of computer hardware and software programs as well as the author and developer of several computer software programs. (Memo. Supp. Mot. Prelim. Inj., Doc. No. 15). At issue are a group of InfoSoft programs designed to work together to aid companies in their inventory and sales needs. These programs are INFOSoft LP software, INFOSoft CAPTURE software, INFOSoft INFOPAK software, and INFOSoft INFOTEC software ("the Software"). (Countercl., Doc. No. 10 ¶ 10-13). TVI and InfoSoft both agree that the Software is InfoSoft's intellectual property and

1

that InfoSoft's copyright applications on the Software are currently pending before the United States Copyright Office.[1] (Id. at ¶ 10-14).

In October, 2004 InfoSoft and TVI entered into an agreement where InfoSoft would provide TVI with computer hardware and use of the Software. (Memo. Supp., Doc. No. 15 ¶ 19-20). During the following year, TVI bought hardware such as barcode printers and cash registers from InfoSoft. (Id. at ¶ 24, 29). During this relationship, TVI also leased use of the Software from InfoSoft. (Id. at ¶ 31-40). Although the lease on the Software was supposed to run until October, 2006, InfoSoft terminated the agreement on March 20, 2006, citing TVI's non-payment of leasing fees. (Id. at ¶ 45). InfoSoft alleges that this termination required TVI to discontinue use of the Software. (Id. at ¶ 46). TVI, however, continued to use the Software, and intends to keep using it until October, 2006. (Memo. Supp. Mot. Prelim. Inj., Doc. No. 15).

On April 28, 2006, TVI brought suit against InfoSoft alleging breach of contract.[2] (Compl., Doc. No. 1). On May 18, 2006, InfoSoft brought counterclaims against TVI alleging copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. ( the "Act"). (Countercl., Doc. No. 10 ¶ 1-2).[3] On May, 26, 2006, InfoSoft filed a Motion for Preliminary Injunction to stop TVI from using the Software. (Doc. No. 14). On June 5, 2006, TVI filed its motion to dismiss all of InfoSoft's Copyright Act claims for lack of subject matter jurisdiction. (Doc. No. 16).

---

[1]Additionally, InfoSoft has taken all necessary steps to ensure the validity of its pending copyrights and has never acted in a way that is contrary to it maintaining exclusive rights to the pending copyrights. (Memo. Support, Doc. No. 15).

[2]The Court has diversity jurisdiction over this cause of action. 28 U.S.C. § 1332.

[3]InfoSoft claims jurisdiction under 28 U.S.C. § 1331. InfoSoft also counterclaimed for breach of contract. These breach of contract claims are irrelevant for purposes of this motion to dismiss.

## MOTION TO DISMISS STANDARDS

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction over it; however, dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). Dismissal is proper when a facial attack on the Plaintiff's Complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction. Id.

The standards applied to a Rule 12(b)(1) motion to dismiss are the same as those that apply to a Rule 12(b)(6) motion to dismiss. Vankempen v. McDonnell Douglas Corp., 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

17 U.S.C. § 411(a) addresses when the Court has jurisdiction over a copyright infringement action. It states that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with

this title."[4] 17 U.S.C. § 411(a). It is clear that "registration is required under section 411 of the Copyright Act in order to bring suit for infringement." Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994); see also Mays & Assocs., Inc. v. Euler, 370 F. Supp. 2d 362, 366 (D. Md. 2005). TVI's motion to dismiss raises one issue: can InfoSoft bring a copyright infringement suit while its copyright applications are pending before the Copyright Office.

When interpreting statutory law, a federal court's objective "is to give effect to the intent of Congress." United States v. McAllister, 225 F.3d 982, 986 (8th Cir. 2000). Analysis of a statute must begin with the plain language, and if it is unambiguous, "that language is conclusive absent legislative intent to the contrary." In re M & S Grading, Inc., 457 F.3d 898, 901 (8th Cir. 2006). Therefore, if the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end. United States v. S.A., 129 F.3d 995, 998 (8th Cir. 1997). Absent an express definition provided in the statute,[5] words are given their ordinary, common meanings. United States v. Hansl, 439 F.3d 850, 853 (8th Cir. 2006). When looking at a single statute, individual sections should be construed

---

[4]§ 411(a), in its entirety, states:
Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provision of subsection (b), no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days of such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

[5]The definition of registration in the statute is unhelpful. See 17 U.S.C. § 101 (definitions) ("registration ... means a registration of a claim in the original or the renewed and extended term of the copyright.").

together. See Erlenbaugh v. United States, 409 U.S. 239, 244 (1972). Finally, a statute ought to be construed in a way that "no clause, sentence, or word shall be superfluous, void, or insignificant." Duncan v. Walker, 533 U.S. 167, 174 (2001); see also Cody v. Hillard, 304 F.3d 767, 776 (8th Cir. 2002) (a statute should be construed as a whole and a court should not interpret one provision "in a manner that renders other sections of the same statute inconsistent.").

The Eighth Circuit[6] has not interpreted the meaning of registration. Other courts, however, have reached two distinct conclusions about when a copyright is "registered" for purposes of § 411(a). See La Resolana Architects PA v. Clay Relators Angel Fire, 416 F.3d 1195, 1202-06 (10th Cir. 2005) (discussing split); see also Iconobazaar, L.L.C. v. Am. Online, Inc., 308 F. Supp. 2d 630, 633 (M.D.N.C. 2004) (identifying split and collecting cases). The first interpretation, generally referred to as the "Registration Approach" holds that a copyright application must be registered, i.e. granted, or denied by the Copyright Office before jurisdiction for an infringement action exists.[7] LaResolana Architects, 416 F.3d at 1201-02. Conversely, other courts follow the "Application Approach" and hold that the registration requirement of § 411(a) is fulfilled when a copyright

---

[6]Both parties contend that Olan Mills, an Eighth Circuit copyright decision, supports their position; however, this case only addresses the narrow issue of whether injunctive relief is available to protect a copyright holder's unregistered copyrights when the copyright holder is in court protecting its registered copyrights and has shown an existing threat of continued infringement. 23 F.3d at 1349.

[7],Other cases adopting this interpretation include: M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990) (collecting cases and adopting standard); Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1111-12 (W.D. Wash. 2004); Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053, 1055-57 (C.D. Cal. 2004); Goebel v. Mantis, 39 F. Supp. 2d 1318, 1320 (D. Kan. 1999).

application is properly filed with the Copyright Office.[8] Apple Barrel Prod., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) (adopting standard without discussion).

The Registration Approach posits that the plain language of § 411(a) requires the Copyright Office must actually grant or deny a copyright application before an infringement suit can be brought and that this interpretation is supported by §§ 408, 410(a), and 501(b) of the Copyright Act. The crux of the argument is that the plain language of § 411(a) treats the acts of application and registration as distinct. As pointed out by the Tenth Circuit, the plain language of § 411(a) requires affirmative action by both the Copyright Office and the applicant, meaning an application alone cannot fulfill the registration requirement. LaResolana Architects, 416 F.3d at 1201. The second sentence of § 411(a) supports this contention. It states:

> In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. of § 411(a). The existence of this sentence was seen by one court as "driv[ing] an iron wedge between the act of delivering the deposit, application, and fee to the Copyright Office and the determination of refusal of copyright registration by the Register of Copyrights" because it shows delivery of the application can occur, but registration can be refused. Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053, 1056 (C.D. Cal. 2004). Thus, the argument goes, the idea that registration is complete upon application is undermined. Id.; Mays & Assocs., Inc., 370 F. Supp.

---

[8]Other cases adopting the application approach include: Iconbazaar, L.L.C. v. Am. Online, Inc., 308 F. Supp. 2d 630, 6334 (M.D.N.C. 2004); Well-Made Toy Mfg. Corp. v. Goffa Int'l. Corp., 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002); Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am., 81 F. Supp. 2d 70, 72 (D.D.C. 2000). A leading copyright treatise has adopted this approach as well. 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B] [1][a] (1999).

2d at 368 (noting that the terms application and registration are both used in § 411(a) and clearly have distinct meanings); Ripple Junction Design Co. v. Olaes Enters., Inc., No. 1:05-cv-43, 2005 WL 2206220, at *4 (S.D. Ohio Sept. 8, 2005) (unpublished decision) (noting that if Congress intended for registration to be complete on application, why is provision conferring jurisdiction upon refusal included).

Aside from the language of § 411(a), other provisions of the Copyright Act support the Registration Approach. First, § 410(a) states that the Register of Copyrights shall register a claim "[w]hen, *after examination*, the Register of Copyrights determines that ... the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met." 17 U.S.C. § 410(a) (emphasis added). Because the Register of Copyrights must first examine an application before issuing a registration, the idea that application and registration are synonymous events is undermined. See Loree Rodkin Mgmt. Corp, 315 F. Supp. 2d at 1056. § 408(a) also supports this argument because it states that the owner of a copyright "may obtain registration" by delivering an application. If an application and registration were synonymous, the Act would state "shall obtain." See LaResolana Architects, 416 F.3d at 1201. Finally, 17 U.S.C. § 501(b) states that the owner a copyright is entitled, "subject to the provisions of Section 411, to institute an action for infringement..." This language clearly instructs that registration or refusal must occur before a copyright holder can sue for infringement. Id.

Conversely, the Application Approach is more of a policy based argument. Courts following this approach believe that it best effectuates the interest of justice and promotes judicial economy. Int'l Kitchen Exhaust Cleaning Ass'n, 81 F. Supp. 2d at 72. This argument is based on the idea that because the federal court will ultimately have jurisdiction--because § 411(a) allows suit once an

application is either registered (granted) or rejected--delaying the suit is nothing more than a senseless judicial formality. See LaResolana Architects, 416 F.3d at 1203 (explaining argument); Foraste v. Brown Univ., 248 F. Supp. 2d 71, 77 (D.R.I. 2003); Int'l Kitchen Exhaust Cleaning Ass'n, 81 F. Supp. 2d at 72. Additionally, courts applying the Application Approach have looked to § 408(a)'s language, that "registration is not a condition of copyright protection," and § 410(d)'s language, that "the effective day of a copyright registration is the day on which an application, deposit, and fee, ... have all been received by the Copyright Office," to support this interpretation. See LaResolana Architects, 416 F.3d at 1203. Finally, these courts, relying on the statutory language recounted above, believe that an application is the only precondition for bringing an infringement action, but registration is a precondition for the recovery of certain kinds of damages. Id. at 1204 (citing Nimmer, § 7.16[B][1][a][I]).

The Court, however, finds that the Application Approach has significant flaws. As the Tenth Circuit correctly pointed out, the Application Approach requires "a topsy-turvy reading" of the Act. See LaResolana Architects, 416 F.3d at 1204-05. Specifically, it makes the whole second sentence of § 411(a) superfluous because a provision conferring jurisdiction upon refusal would be unnecessary if jurisdiction were already conferred upon application. See Duncan, 533 U.S. at 174 (courts should not construe statutes to make portions superfluous). Additionally, the Application Approach fails to address why Congress, if it intended for registration and application to refer to the same event, used two different terms in the Act. See Mays & Assocs., Inc., 370 F. Supp. 2d at 368. As shown above, application and registration are distinct events that have distinct meanings; thus, the rules of statutory interpretation require the Court to give these terms distinct meanings. Duncan, 533 U.S. at 174 (stating that if possible, a court must give effect to every word in a statute).Even if a sound policy

reason exists to merge their meanings, the Court must effectuate Congress' intent, not its own. The Application Approach also misreads § 408(a) and § 410(d) by thinking that they address the timing of enforcement; these sections merely address the timing of protection. Enforcement and protection are mutually exclusive concepts under the Act. Finally, the Application Approach incorrectly discounts the idea that Congress wisely used the right to enforce a copyright as an incentive for people to register a copyright. See LaResolana Architects, 416 F.3d at 1204-05. In conclusion, the Court rejects the Application Approach and adopts the well-reasoned Registration Approach.

Here, neither side disputes that InfoSoft's copyrights are not registered. Accordingly, it fails the requirements of 17 U.S.C § 411(a). Thus, its claims based on the Act must be dismissed for lack of subject matter jurisdiction. Additionally, 17 U.S.C. § 502(a) requires that only a "court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions." Because this Court does not have jurisdiction under the Act, It must deny InfoSoft's motion for a preliminary injunction based on a lack of subject matter jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff TVI's Motion for Dismiss (Doc. No. 16) is **GRANTED** as to Counts I-IV of Defendant InfoSoft's Counterclaims, and Defendant's claims against Plaintiff are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant InfoSoft's Motion for Preliminary Injunction (Doc. No. 14) is **DENIED**.

An appropriate judgment will accompany this order and memorandum.

Dated this 29th day of September, 2006

                                                                    /s/ Jean C. Hamilton
                                                                    UNITED STATES DISTRICT JUDGE