UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TVI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-697 (JCH) |
| ) | |
| INFOSOFT TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

The matter is before the Court on Plaintiff's Motion for Declaration or Clarification Regarding the Writ of Attachment (Doc. No. 92), filed October 18, 2007. The motion is now fully briefed and ready for a decision.

On April 28, 2006, the Court granted Plaintiff's Motion for Writ of Attachment ("Writ"). (Doc. No. 3). Plaintiff now asks the Court to clarify its rights and obligations pursuant to the Writ regarding its "right to use, repair, modify, or dispose of Infosoft Technologies, Inc.'s property." (Doc. No. 92). Specifically, Plaintiff believes that Defendant will argue that filing the Writ resulted in Plaintiff's failure to mitigate damages. (Id.). Defendant concedes that it will not raise the affirmative defense of failure to mitigate damages. (Resp., Doc. No. 95). As such, Plaintiff's filing of the Writ, and its subsequent holding of the equipment, is not a failure to mitigate damages.

In its Response, Defendant raises a new argument. Specifically, it asserts that the Writ was Plaintiff's way of choosing the remedy of specific performance, meaning Plaintiff cannot recover any damages because it has already chosen its remedy. (Resp., Doc. No. 95).

The Court finds that this argument invalid for two reasons. First, Defendant has not cited any relevant authority to support its position. A party must provide the Court with citations to "legal authority establishing the Court's authority to grant such a motion, or the standard to be applied ...

.." Smith v. Planned Parenthood of St. Louis Region, 327 F. Supp. 2d 1016, 1021 (E.D. Mo. 2004) (discussing E.D.Mo. L.R. 4.01(A)). The only case Defendant cites, Quality Wigs Co. v. J.C. Nichols Co., 728 .S.W.2d 611, 617 (Mo. Ct. App. 1987), merely provides a general discussion about specific performance and is no way applicable to the issue at bar.

Additionally, a cursory review of Missouri law shows that Defendant's argument is without merit. Attachment is merely an "anticipatory method to impound the assets of a defendant to *facilitate the collection of judgment against him*." Am. Refractories Co. v. Combustion Controls, 70 S.W.3d 660, 663 (Mo. Ct. App. 2002) (emphasis added). Moreover, Missouri courts hold that "remedies of attachment are ancillary to the main suit and have nothing to do with the merits." Id. The Court fails to see how attaching assets to facilitate the collection of a judgment has anything to do with choosing a remedy under the Uniform Commercial Code.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Declaration or Clarification Regarding the Writ of Attachment (Doc. No. 92) is **GRANTED** and the Writ of Attachment shall be interpreted in a manner consistent with this Order.

Dated this 5th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] As adopted by Missouri. Mo. Rev. Stat. § 400.2-101 et seq..