UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TVI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-CV-697 (JCH) |
| | ) | |
| INFOSOFT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff's Motion to Amend the Complaint (Doc. No. 105), filed November 15, 2007. The matter is fully briefed and ready for a decision.

## BACKGROUND

Plaintiff filed this cause of action on April 28, 2006. (Compl., Doc. No. 1). The Complaint contains the following seven counts against Defendant Infosoft Technologies, Inc. ("Infosoft"): (I) request for injunctive relief; (II) breach of contract, Sales Order 715; (III) breach of contract, Sales Order 472; (IV) breach of contract, the June 29, 2005 agreement; (V) breach of contract, Sales Order 516; (VI) breach of contract, software development agreement; and (VII) conversion. (Id.). The Court has entered summary judgment on Counts II, III, and V in an amount subsequently to be determined by trial of the damages issue. (Order of September 13, 2007, Doc. No. 88; Order of November 15, 2007, Doc. No. 102).[1]

---

[1] In these orders, the Court provided a detailed background of the parties' business relationship. The Court assumes that the reader is familiar with the facts and issues discussed in both orders.

The Court's Amended Case Management Order provided that all motions for joinder of additional parties or amendment of the pleadings were due no later than November 30, 2006.[2] (Am. Case Management Order, Doc. No. 54). Discovery closed on August 1, 2007. (Id.). A non-jury trial is scheduled for January 7, 2008. (Id.). On November 15, 2007, Plaintiff filed its Motion to Amend the Complaint asserting that it should be allowed to join more defendants because Infosoft's owners, Brad and Susan Jarrett ("Jarretts"), have pierced the corporate veil. (Memo. in Supp. of Mot. to Am. ("Memo."), Doc. No. 104). Plaintiff believes the Jarretts, Infosoft, and IPOS Wholesale Co., Inc. ("IPOS"), another company owned by the Jarretts, have been acting as one entity. (Id.). Plaintiff wants to add another claim alleging that because the Jaretts, Infosoft, and IPOS have pierced the corporate veil, they are all liable for any damages awarded on Counts I-VII. (Mot. to Am., Doc. No. 105 at Ex. 1).

Most of Plaintiff's motion to amend, and the accompanying brief, focuses on the merits of its new piercing the corporate veil claim. (Memo. at p. 1-8). Plaintiff asserts that the late filing of this motion is justified because it did not learn about the relationship between the Jarretts, Infosoft, and IPOS until August, 2007 and needed three months to "piec[e]" it " together." (Id. at p. 9). Plaintiff asserts that denying the motion will result in it being awarded a "hollow" judgment. (Id. at 8). Finally, Plaintiff asserts that no prejudice will occur because it does not need any more discovery to pursue its new claim. (Reply, Doc. No. 108 at p.2). Infosoft responds that the proposed amendment will cause undue delays because more discovery will be needed. (Resp., Doc. No. 106). Infosoft contends that it will not have enough time to properly prepare for trial if the Court grants Plaintiff's motion. (Id.). Infosoft also responds that Plaintiff's failure to amend for almost six months after learning of

---

[2]On June 25, 2007, the Court did allow Infosoft to amend its pleadings to add one new breach of contract claim. (Docket Text Order of June 27, 2007).

the relationship between Infosoft, the Jarretts, and IPOS shows that Plaintiff's motion is made in bad faith. (Id.).

## **DISCUSSION**

In situations such as the one at bar, Federal Rule of Civil Procedure 15 requires that a party cannot amend its complaint without leave of the Court, but permission to file an amended complaint "shall be freely given." Fed. R. Civ. P. 15(a). The Court, however, has discretion in deciding whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Denial of a motion to amend is justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." United States ex rel. Gaudineer & Comito, L.L.P., v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001) (quoting Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)). Additionally, when the district court has entered a scheduling order, as this Court has, it may "properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." Thomas v. Corwin, 438 F.3d 516, 532 (8th Cir. 2007).

Delay alone is an insufficient justification; prejudice to the nonmovant must also be shown. Buder v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981). This prejudice to the nonmovant is weighed against the prejudice to the movant in not allowing the amendment. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). The burden of proof of prejudice is on the party opposing the amendment. Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977). When late tendered amendments involve new theories of recovery and impose additional discovery requirements, the Eighth Circuit is less likely to find that the denial was an abuse of discretion due to the prejudice involved. Bediako v. Stein Mart, Inc., 354 F.3d 835, 841 (8th Cir. 2004). The movant must justify the belatedness of its motion "[w]hen a considerable amount

of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay." Thompson-El v. Jones, 876 F.2d 66, 67-68 (8th Cir. 1989).

Upon consideration, the Court will deny Plaintiff's motion to amend the Complaint. First, the Eighth Circuit routinely affirms the denial of a motion to amend where discovery has closed and more than a year has past since the deadline for amending the complaint. See Hammer v. City of Osage, 318 F.3d 832, 844-45 (8th Cir. 2003) (affirming denial of a motion to amend filed after discovery had closed); Deutsche Fin. Servs. Corp. v. BCS Ins. Co., 299 F.3d 692, 700 (8th Cir. 2002) (upholding denial in part because discovery had closed and time for amending pleadings had passed over a year ago); Kinkead v. Southwestern Bell Telephone Co., 49 F.3d 454, 457 (8th Cir. 1995) (affirming denial of motion to amend when two year delay in amending suggests that the prejudice to defendant outweighs plaintiff's interests); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994) (affirming denial of motion to amend made fourteen months after complaint was filed and six days after discovery cut-off). Secondly, allowing Plaintiff to amend the Complaint will unduly prejudice Infosoft as it will have less than one month to gather all the relevant information, prepare an answer, develop a new trial strategy, and prepare its pretrial materials.[3] See Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 448 (8th Cir. 1995) (holding that denial of a motion to amend is proper when trial was less than a month away and adding a new theory of recovery would leave opposing party with inadequate time to prepare). Moreover, the Eighth Circuit routinely upholds the denial of a motion to amend filed on the eve of trial. See Thompson-El, 876 F.2d at 67 (holding that denial of motion to amend was proper where discovery was closed and trial was scheduled in two

---

[3]Although Plaintiff avers that it does not require any new discovery, this reason is not enough to overcome the possible prejudice to Infosoft.

weeks); see also Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 526 (8th Cir. 2000) (looking at amount of time remaining before trial as an important factor for whether to deny a motion to amend); Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 946 (8th Cir. 1994) (affirming denial of motion to amend filed only thirteen days before trial was scheduled to commence and where the parties had already prepared pretrial). The Court also believes that allowing the amendment will significantly delay the resolution of this case because it would require the Court to postpone the trial now scheduled for January 7, 2008. Finally, Plaintiff's amended complaint creates new factual and legal issues that are more complex than the simple contract issues presently before the Court. See Davenport, 30 F.3d at 946 (holding that addition of new issues justifies the denial of motion to amend).

Additionally, the Court believes that the timing of Plaintiff's motion bears the indicia of bad faith because its justifications for this late amendment are flimsy. See Thompson-El, 876 F.2d at 67-68. Plaintiff asserts that it did not file this motion earlier because it was not able to piece together the facts until recently. Plaintiff, however, first learned of a possible piercing of the corporate veil in June 2007. (Memo. in Supp. at p. 3). In July 2007, it was allowed to subpoena bank records to determine if a piercing of the corporate veil had occurred. (Docket Text Order of July 31, 2007). The Court does not understand why Plaintiff did not file its motion to amend at that time, when it clearly had enough information to make "a short and plain statement of the claim showing that [it] is entitled to relief." See Fed. R. Civ. P. 8(a)(2).[4] Moreover, the Court believes that Plaintiff's justification for this approximately four month delay is grounded in a policy that contravenes the established litigation

---

[4] The Court would have granted leave without comment because no significant prejudice would have occurred. See Hoellering v. Nordyne, Inc., 202 F.R.D. 260-61 (W.D. Mo. 2001) (allowing amendment to complaint where defendant did not assert prejudice, no additional discovery was needed, and plaintiff promptly filed motion to amend).

process. Specifically, Plaintiff's justification suggests that discovery on an issue is required before a proper claim can be put forward. The Federal Rules of Civil Procedure suggest otherwise. <u>See</u> Fed. R. Civ. P. 8-35. In short, the Court will deny Plaintiff's motion because of the suspect timing of its filing and because granting the motion would prejudice Infosoft.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (Doc. No. 105) is **DENIED**.


Dated this 4th day of December, 2007.

                                                     /s/ Jean C. Hamilton
                                                   UNITED STATES DISTRICT JUDGE