UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TVI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-697 (JCH) |
| ) | |
| INFOSOFT TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on the Plaintiff's post judgment motions (Doc. No. 150, 151), filed February 8, 2008 and Defendant's Motion to Amend Judgment (Doc. No. 153), filed February 11, 2008. All motions are ready for disposition. The Court will not recite any of the facts of this case as it assumes the reader is familiar with the Findings of Facts and Conclusions of Law entered on January 28, 2008. (Doc. No. 148).

**I.  Motion to Amend Judgment**

In its motion to amend, Defendant asks that the Court, pursuant to Fed. R. Civ. P. 59(e), to reconsider its judgment. Defendant asserts that the Court's holding on Count IV of the Complaint is improper because the threats to return the printers to Toshiba "could not have referred to the used B-452 printers." (Doc. No. 154 at p. 2). Additionally, Defendant asserts that the Court's holding that Defendant "rejected any proposed delivery schedule" is incorrect because Defendant proposed two delivery schedules. (Id.).

Rule 59(e) motions serve the limited purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930,

1

933 (8th Cir. 2006). Such motions cannot be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." Innovative Home Health Care v. P. T. -O. T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).

Upon consideration, the Court will not amend its judgment. While Defendant did propose two delivery schedules, Defendant's subsequent actions showed that it did not intend to deliver the printers. Additionally, the evidence showed that Defendant had not been diligently preparing the printers for delivery. Secondly, the Court believes that it was not a manifest error to interpret a threat to return "all equipment to Toshiba" as including both new and used equipment. As such, this motion is denied.

**II.     Costs**

Plaintiff first requests that Court award it $8,851.94 in costs. (Doc. No. 150). Defendant does not object to any of these costs. Upon consideration, all of Plaintiff's requested costs are allowable under 28 U.S.C. § 1920.

**III.    Prejudgment Interest**

Plaintiff requests that the Court enter prejudgment interest either in the amount of $68,742.40 or $116,070.40. (Doc. No. 152 at p. 5). The smaller amount is based only on the overpayments it made to Defendant. (Id. at p. 4). The larger amount is based on the entire damage award. (Id. at p. 5). Defendant only disputes Plaintiff's claim that a prejudgment interest award should be based on the entire damage award. (Resp. at p. 1).

A Missouri statute provides that creditors shall be allowed interest at the rate of nine percent per annum, "when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." Mo.

Rev. Stat. § 408.020. When damages on a breach of contract claim are "fixed or readily ascertainable and a sufficient demand is made, the statute compels the award of prejudgment interest." Trinity Prods., Inc. v. Burgess Steel, LLC, 486 F.3d 325, 335 (8th Cir. 2007) (applying Missouri law). Missouri does not allow prejudgment interest when a claim is unliquidated because "where the person liable does not know the amount he owes he should not be considered in default because of failure to pay." United States ex rel. Conner Universal Co. v. Dimarco Corp., 985 F.2d 954, 959 (8th Cir. 1993).

Upon consideration, the Court will not award damages on the entire amount. Aside from the overpayment damages, none of the damages were liquidated because a bona fide dispute existed over the amount of damages owed. See Children Int'l v. Ammon Painting Co., 215 S.W.3d 194, 205 (Mo. Ct. App. 2006). The Court, however, will award $68,742.40 in prejudgment interest because this represents the amount of interest due on the liquidated damages.

## IV. **Attorney's Fees**

Plaintiff requests that the Court award it attorney's fees on three different events. First, Plaintiff alleges that it should be awarded $11,143 in attorney's fees for obtaining the writ of attachment ("Writ"). (Doc. No. 152 at p. 10). Secondly, it asks that it be awarded $6,351.48 in attorney's fees for defending against Defendant's last minute motions attacking the Writ. (Id.). Finally, it asks for $14,104.50 in attorney's fees in relation to its motion to clarify the Writ. (Id. at p. 11). Defendant responds that the awarding of attorney's fees is improper. (Doc. No. 155).

Under the longstanding American Rule, parties are required to pay their own attorney's fees unless a fee is authorized by statue. Am. Fed'n of Musicians v. St. Louis Symphony Soc., 203 F.3d 1079, 1081 (8th Cir. 2000). There is an exception to this rule in cases where a party's conduct "amounts to abuse of the judicial process." Kelly v. Golden, 352 F.3d 344, 352 (8th Cir. 2003). The

Court may properly exercise its power to award attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). This power to award attorney's fees only extends to conduct occurring during the course of the litigation, meaning that the conduct giving rise to the cause of action cannot support the awarding of attorney's fees. Lamb Eng'g & Constr. Co. v. Neb. Pub. Power Dist., 103 F.3d 1422, 1435 (8th Cir. 1997).[1]

Upon consideration, the Court will not award attorney's fees. The Court will not award any attorney's fees related to obtaining the Writ because the conduct serving as the basis of this claim occurred prior to this litigation. See id. Secondly, the Court will not award attorney's fees on the motion to clarify the Writ because Defendant had not filed any frivolous motions attacking the Writ when this motion was filed. Finally, the Court will not award attorney's fees related to the last minute motions attacking the Writ because these motions did not amount to abuse of the judicial process. The Missouri Supreme Court rules states that "[a]ttachments may be dissolved on motion made by the owner of the property at any time before final judgment." Mo. Supreme Court Rule 85.14. Defendant was merely exercising this right. Even though the Court found Defendant's arguments to be without merit, it cannot say that they were made in bath faith.

## V.  **Disposition of Attached Property**

Finally, Plaintiff asks the Court to enter an order setting out what should be done with the attached property. (Doc. No. 152 at p. 12). Plaintiff has provided the Court with a suggested order and Defendant has not objected. Upon review, the Court will enter an order that conforms with the Plaintiff's suggestion.

---

[1] A federal court's award of attorney's fees in a diversity case is limited by the Erie doctrine. See Kelly, 352 F.3d at 352. Missouri, however, recognizes as an exception to the American Rule for "special circumstances," such as a party engaging in misconduct. Id.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Judgment (Doc. No. 153) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Prejudgment Interest, Attorney's Fees, and Costs (Doc. No. 151) is **GRANTED** in part and **DENIED** in part. Plaintiff is awarded $68,742.40 in prejudgment interest and $8,851.94 in costs.

**IT IS FURTHER ORDERED** that if Defendant fails to fully satisfy the Judgment(s) against it within ninety (90) days of this Order, all rights, title, and ownership of the property secured under the Writ of Attachment (Doc. No. 4) shall immediately transfer to Plaintiff, and the remaining judgment will be reduced by the reasonable value of the attached property. The reasonable value will be determined by an independent, qualified appraiser of Plaintiff's choosing.

Alternatively, if Defendant fully satisfies the Judgment(s) within ninety days (90) of this Order, Defendant is entitled to secure and obtain possession of the attached property from Plaintiff's facilities at Defendant's expense.

Dated this 27th day of February, 2008

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE